RECEIVED

AUG 2 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Respond to:**
Robert Biddulph
4011 219th St. E.
Spanaway
Washington
(no phone)

# UNITED STATES DISTRICT COURT
## For the District of Columbia

| | |
|---|---|
| **Robert Biddulph**<br>PETITIONER<br><br>v.<br><br>**United States:**<br>   **Secretary of the Treasury** (Snow)<br>   Washington, DC;<br><br>   **Commissioner of Internal Revenue** (Everson),<br>   Washington, DC;<br><br>   **Robert Baxter** #78-00246,<br>   M/S 55201<br>   5045 E. Butler<br>   Fresno CA;<br><br>   **James Urner**<br>   *(No ID Number provided)*<br>   c/o IRS Appeals<br>   5045 E. Butler<br>   Fresno CA;<br>      RESPONDENT(S) | **MISC. NO.**<br><br>Case # 1:06MS00374 RWR<br><br># AMENDED<br><br>**VERIFIED PETITION FOR PERPETUATION OF TESTIMONY** PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE (FRCP) RULE 27 |

## VERIFICATION

Pierce county            )
                         )    DECLARATION
Washington republic      )

Declarant, Robert Biddulph, states that s/he is competent to be a witness and that the facts presented in the instrument to which this Declaration is affixed are true and correct to the best of Declarant's first hand knowledge and belief.

_____
Robert Biddulph

## VENUE & JURISDICTION

VENUE is properly set at the District of Columbia as the Respondents' principal place of business is domiciled at the District of Columbia as an operation of law as recognized at 28 USC 1391.

JURISDICTION is proper in the district court as provided by Federal Rule of Civil Procedure (FRCP) 27, 28 USC § 1331, and/or § 1340, and/or § 1346, and/or § 1361, and/or § 1367

## PETITION

1.  Petitioner expects to be a party to an action cognizable in a court of the United States for declaratory and equitable remedies relating to the alleged improper filing of documents styled "Notice of Federal Tax Lien"; "Notice of Levy"; "NOTICE OF

DETERMINATION CONCERNING COLLECTION ACTIONS UNDER SECTION 6320 and/or 6330" and inclusive of the underlying administrative and commonlaw and processes leading up to those documents, and relating to various years collection activities ending 12/2004 and purporting to be executed under the authority of the office of Secretary of the Treasury and/or Commissioner of Internal Revenue domiciled at the District of Columbia.

2.  Petitioner expects to seek declaratory and injunctive relief relating to one or more of the collection activity documents purporting to be executed under the authority of the office of Secretary of the Treasury and/or Commissioner of Internal Revenue domiciled at the District of Columbia, due to substantive due process violations in the procedures leading up to the issuance of the documents. Petitioner's constitutionally protected property and liberty interests have been taken by the issuance of the document(s).

3.  Petitioner expects to establish that the individual parties within the internal revenue service who executed and filed the various collection documents did not follow constitutional, statutory, and regulatory due process in the creation and filing of the collection documents affecting Petitioner's property and rights; that the several individual parties within the internal revenue service who prepare and issue these collection documents have a

pattern and practice, or are following a policy, which effectively results in the presentation and/or publication of these collection documents without substantive due process, and with a willful, or deprived indifference, to the due process and property rights protected by the federal constitution, due process procedural statutes, and agency rules designed to protect the rights of the parties subjected to collection activities.

4. Petitioner expects to establish that each of the several documents are "collection activities" where there has been no lawful tax assessment upon which the collection activities could lawfully lie.

5. The following persons are expected to be parties to a subsequent action based upon the testimony perpetuated by this action:

>   John Snow, Washington, DC (Secretary of the Treasury);
>
>   Mark Everson, Washington, DC (Internal Revenue Commissioner);
>
>   Robert Baxter #78-00246, Fresno, California
>
>   James Urner (ID unknown), Fresno, California.

6. The parties listed in ¶ 5 are expected to be examined as follows:

>   a. Witness Snow is expected to provide testimony as to the policies and procedures he expects his internal revenue staff to follow in the preparation, execution, and filing of collection documents and whether the

collection documents in question, and others similarly processed, followed the correct policy and procedure, and if not, how such collection documents came to be issued under the name and authority of his office.

b.   Witness Everson is expected to provide testimony as to the policies and procedures he expects his internal revenue staff to follow in the preparation, execution, and filing of collection documents and whether the collection documents in question, and others similarly processed, followed the correct policy and procedure, and if not, how such collection documents came to be issued under the name and authority of his office. Witness Everson may also be expected to testify as to the proper location for individual service on the remaining witnesses based upon his records of their employee numbers and or areas of operations.

c.   The remaining witnesses are expected to provide testimony as to the actual procedures that were followed leading up to the execution and issuance of the several collection documents, which is expected to show a pattern and practice of disregard of due process and property rights; whether or not there is any written directions, memorandums, or other instructions from superiors establishing the alleged due process violations as policy, and if so, who issued the allegedly unconstitutional and unlawful policies followed by the witnesses.

A true and correct copy of the documents from Petitioner's administrative record with Commissioner Everson evidencing that there is no lawful assessment of tax against Petitioner upon which the collection activity documents could lie is attached hereto as ATTACHMENT "A" and incorporated by this reference.

## WHEREFORE:

Petitioner respectfully requests that the court issue its case file number authorizing the perpetuation of testimony by written questions as provided for at FRCP 31, Interrogatories as provided at FRCP 33, and requests for production as provided at FRCP 34.

Respectfully presented this 20 day of August 2006.

*[signature]*

Robert Biddulph
Petitioner