IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT BIDDULPH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:06-MC-00374 (RWR)(DAR) |
| | ) |
| UNITED STATES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS
THE AMENDED VERIFIED PETITION FOR PERPETUATION OF TESTIMONY**

Robert Biddulph petitions under Fed. R. Civ. P. 27 to perpetuate the testimony of former Treasury Secretary John W. Snow, Internal Revenue Service Commissioner Mark W. Everson, and Internal Revenue Service Appeals Officers Robert Baxter and James Urner. The United States moves to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1), (5) and (6).

## ISSUES

1. Does the Court have subject matter jurisdiction over the action that Biddulph expects to file against the United States and its officers?

2. Has Biddulph stated a viable claim to perpetuate testimony under Fed. R. Civ. P. 27?

3. Should the Court dismiss the petition because Biddulph did not serve the United States or the individual respondents?

## BACKGROUND

This is an action to obtain discovery in advance of litigation. Biddulph commenced this proceeding on July 13, 2006, by filing a petition to perpetuate testimony under Fed. R. Civ. P. 27, which allows a party to "take depositions *prior* to litigation if it demonstrates an expectation of future litigation, explains the substance of the testimony it expects to elicit and the reasons the testimony is important, and establishes a risk that testimony will be lost if not preserved." Penn Mutual Life Ins. Co. v. United States, 68 F.3d 1371, 1373 (D.C. Cir. 1995) (emphasis original).

Biddulph amended his petition on August 23, 2006, naming as respondents the United States, former Secretary Snow, Commissioner Everson, Baxter and Urner. Biddulph expects that the individual respondents will be "parties" in a subsequent action against the United States for declaratory and injunctive relief. (Am. Ver. Pet. ¶¶ 1-5.) He intends to bring suit to challenge the Internal Revenue Service's tax collection activities (id.), and seeks pre-litigation discovery in the form of depositions, interrogatories and requests for production (id. at 6).

On September 8, 2006, the Court contacted the United States Attorney's Office to determine if Biddulph served his amended petition and to identify the office that would represent the United States' interests in this matter. The United States Department of Justice, Tax Division subsequently entered an appearance for all respondents, confirmed that Biddulph had not served his pleading, and indicated that the United

States intended to seek dismissal. Following the notice of appearance, Biddulph mailed an incomplete copy of his petition to undersigned counsel.[1]

## ARGUMENT

Rule 27 allows a party to "perpetuate" testimony that would be lost before the party could bring suit. See Penn Mutual, 68 F.3d at 1374. The rule is not a license to conduct pre-litigation discovery. See In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978). "The case law makes clears that 'perpetuation' means the perpetuation of *known* testimony, and that the rule may not be used as a substitute for discovery to determine whether a cause of action exists." See In re Checkosky, 142 F.R.D. 4, 7 (D.D.C 1992).

To maintain an action under Rule 27, the petitioner must:

- demonstrate that he expects to bring an action cognizable in the federal courts, but cannot currently do so;

- explain the subject matter of the expected action;

- describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony;

- identify the adverse parties in the expected action and the parties to be deposed.

- serve the petition in accordance with applicable rules.

Fed. R. Civ. P. 27(a)(1)-(2). To prevail, the petitioner must show that "the perpetuation of the testimony may prevent a failure or delay of justice . . ." Id. at § (a)(3). Biddulph has not made the requisite showing.

---

[1] The amended petition lacks attachments referenced in the document. Those attachments and the original petition are not available on PACER.

I.  **The Court Lacks Subject Matter Jurisdiction Over the Amended Petition Because the Action Biddulph Expects to File is not Cognizable.**

Biddulph has not satisfied the first requirement for relief: that he "expects to be a party to an action cognizable in a court of the United States . . . ." Fed. R. Civ. P. 27(a)(1). This requirement is jurisdictional. See 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2072 (2006) ("The petition must also indicate that there would be federal jurisdiction of the action expected to be brought and thus that [the expected action] is a matter cognizable in any court of the United States.") (internal quotation omitted).

An action is "cognizable" if the district court would have subject matter jurisdiction over it. See Moseller v. United States, 158 F.2d 380, 382 (2d Cir. 1946). If jurisdiction over the anticipated action does not exist, the petition must be dismissed for lack of jurisdiction. See In re MacCormack, No. 00-MC-203, 2000 WL 526313, at *1 (D. Kan. April 19, 2000) (rejecting petition where there was "no basis to determine that federal jurisdiction will exist when the contemplated action is filed or that the matter currently is one that may be cognizable in any court of the United States").

The United States, as sovereign, is immune from suit unless it consents to be sued. See United States v. Dalm, 494 U.S. 596, 608 (1990). Subject matter jurisdiction does not exist unless the United States unequivocally waives sovereign immunity *and* the plaintiff brings "a claim falling within the terms of the waiver." United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). When a petitioner seeks Rule 27 relief in anticipation of filing an action against the United States, the petitioner must

show that the United States waived its immunity to the anticipated action.  See, e.g., Moseller, 158 F.2d at 382 (Rule 27 petition could proceed because United States waived immunity to anticipated action); Arizona v. California, 292 U.S. 341, 742-43 (1934) (avoiding question whether proceeding to perpetuate testimony was proper absent showing that United States waived immunity to anticipated suit).

The United States has not waived its immunity to suits for injunctive and declaratory relief related to the collection of federal taxes.  To the contrary, Congress prohibited interference with the Service's ability to assess and collect taxes.  See 26 U.S.C. § 7421 ("Anti-Injunction Act"); 28 U.S.C. § 2201 ("Declaratory Judgment Act").

The Anti-Injunction Act provides that, subject to specifically enumerated exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."  26 U.S.C. § 7421(a).  The Act "withdraw[s] jurisdiction from state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes."  Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 5 (1962).[2]

---

[2] Congress enacted exceptions to the Anti-Injunction Act, see 26 U.S.C. § 7421(a), but the petition does not suggest that these exceptions apply.  The Supreme Court has also recognized limited judicial exceptions to the Anti-Injunction Act:  (1) where the taxpayer has no "legal way to challenge the validity of the tax," South Carolina v. Regan, 465 U.S. 367, 373 (1984); and (2) where equity jurisdiction exists and "it is clear that under no circumstances could the Government ultimately prevail," Williams Packing, 370 U.S. at 7.  Courts narrowly construe these exceptions.  See Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 407-08 (4th Cir. 2003); Jericho Painting & Special Coating, Inc. v. Richardson, 838 F. Supp. 626, 629-31 (D.D.C. 1993).  Neither applies here.

The Declaratory Judgment Act also bars suits that seek declaratory relief "with respect to Federal taxes." 28 U.S.C. § 2201. Like the Anti-Injunction Act, the Declaratory Judgment Act revokes subject matter jurisdiction over actions that might disrupt the assessment and collection of federal taxes. See McGuirl v. United States, 360 F. Supp. 2d 129, 132 (D.D.C. 2004); Yamaha Motor Corp., U.S.A. v. United States, 779 F. Supp. 610, 612 (D.D.C 1991).[3]

Biddulph intends to file suit against the United States and various officers for declaratory and injunctive relief. (Am. Ver. Pet. ¶¶ 1, 5, 6.c.) He anticipates seeking a declaration that the Internal Revenue Service's tax collection activities were improper along with an injunction to prevent the Service from continuing those activities. (Id.) These allegations are fatal to the amended petition. Because the Anti-Injunction and Declaratory Judgment Acts negate subject matter jurisdiction over the action Biddulph intends to file, he has not established that he expects to be a party to litigation cognizable in the federal courts. Accordingly, the amended petition should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. See In re MacCormack, 2000 WL 526313 at *1 (denying petition that lacked allegations establishing a basis for federal jurisdiction over the anticipated action); see also Moseller, 158 F.2d at 382-83 (observing that the basis for adjudicating a Rule 27 petition against the government is the government's consent to the anticipated action).

---

[3] The Declaratory Judgment Act also contains limited exceptions, 28 U.S.C. § 2201, but they do not apply here.

**II.     Biddulph has not Stated a Viable Claim to Perpetuate Testimony.**

Biddulph cannot prevail as a matter of law.  Under the high government official doctrine, the depositions he seeks are presumptively improper.  Even if the doctrine does not apply, Biddulph is not entitled to relief because he has not stated a viable claim to perpetuate testimony.  A Rule 27 petitioner must make a particularized showing that relief is warranted.  See Penn Mutual, 68 F.3d at 1375; Checkosky, 142 F.R.D. at 7-8.  The amended petition falls short of this showing because Biddulph has not alleged the essential elements of his claim:  (1) he is unable to bring suit, (2) there is an imminent risk that testimony will be lost, and (3) the testimony is important and should be preserved.  Fed. R. Civ. P. 27(a)(1); Penn Mutual, 68 F.3d at 1373.

**The High Government Official Doctrine Bars Relief**

The high government official doctrine protects government officials from having to testify in civil cases, absent extraordinary circumstances or evidence of affirmative misconduct.  See United States v. Morgan, 313 U.S. 409, 422 (1941); Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985); Walker v. NCNB Nat'l Bank of Florida, 810 F. Supp. 11, 12 (D.D.C. 1993).  The doctrine encompasses senior government officials, officials engaged in deliberative decisionmaking, and former government officers.  See Thomas v. Baker, 925 F.2d 1523, 1525-26 (D.C. Cir. 1991); United States v. Wal-Mart Stores, Inc., Civ. A. No. 01-CV-152, 2002 WL 562301, at *4 (D. Md. March 29, 2002).

Two rationales underlie the high government official doctrine, and both apply in this case. First, the doctrine protects government officials from routine discovery to preserve the integrity of the administrative process: "[S]ubjecting officials to interrogation about how they reached particular decisions would impair [the] decision-making process by making officials less willing to explore and discuss all available options no matter how controversial." Walker, 810 F. Supp. at 12. Requiring Baxter and Urner to testify about how they reached decisions in the context of administrative appeals would unduly infringe on the administrative process, and is the precise type of disruption the Supreme Court proscribed in Morgan.

Second, the doctrine exists to shield government officials from the distraction of irrelevant litigation: "[L]eft unprotected, high-ranking government officials would be inundated with discovery obligations involving scores of cases where the public official would have little or no personal knowledge of material facts." Wal-Mart, 2002 WL 562301 at *1. Biddulph offers no reason to conclude that Secretary Snow and Commissioner Everson have any personal knowledge of the facts of his case. Absent such knowledge and personal involvement, they cannot be deposed.

**Ability to Bring Suit**

Failure to demonstrate a present inability to bring suit is fatal to a Rule 27 petition. See Fed. R. Civ. P. 27(a)(1); Kelly v. Whitney, No. 98-30, 1998 WL 877625, at * 2 (D. Or. Oct. 27, 1998). In this case, Biddulph has not alleged that he cannot bring suit against the United States or the individual respondents. In fact, the opposite appears to

be true.  His pleading shows that the tax collection activities he intends to challenge have already occurred.  (Am. Ver. Pet. ¶¶ 1-5, 6.c.)  Biddulph seems to dispute the imposition of a federal tax lien and levy, presumably to collect taxes that he does not believe he owes.  (Id. ¶ 1.)  The amended petition does not explain why Biddulph cannot challenge these tax collection activities at this time.  Biddulph does not contend, for example, that additional events must transpire before he would have standing to sue, or that jurisdictional or statutory obstacles prevent him from bringing an appropriate suit for relief.  Because the amended petition neither alleges nor demonstrates with particularity that Biddulph is presently unable to bring an action for substantive relief, he cannot seek relief under Rule 27.  See Kelly, 1998 WL 877625 at * 2 ("Because plaintiff has failed to demonstrate either a reason why he many not file his suit [to challenge a tax levy] presently or any evidence suggesting a risk of lost testimony, plaintiff's petition must be denied.").

**Imminent Need to Perpetuate Testimony**

Rule 27 relief is appropriate only when there is an imminent risk that testimony will be permanently lost.  See Penn Mutual, 68 F.3d at 1375.  Courts typically allow a party to depose a witness prior to litigation when the witness is aged, infirm or will be unavailable for trial.  Id.  A general concern that, as time passes, memories will fade and information may be lost is "not sufficient to satisfy Rule 27's requirement that a petitioner demonstrate an immediate need to perpetuate testimony." Id.  Nor does a government official's departure from public service provide a basis for relief: "[t]he

resignation and entry into private life of agency officials does not seriously interfere with any deposition or other timely discovery." Checkosky, 142 F.R.D. at 8.

Here, there is no risk that testimony will be lost. Biddulph does not claim that he needs depositions because the individual respondents are aging, ill or would otherwise be unavailable to testify at a later time. Nor does Biddulph even suggest that the respondents' memories might fade, or that Secretary Snow's resignation and return to private life would inhibit discovery in subsequent litigation. The amended petition is devoid of facts justifying the immediate and extraordinary relief Biddulph seeks. And Biddulph's failure to serve the petition for nearly three months belies any suggestion that this action is urgent, or that relief is necessary to prevent an imminent loss of testimony.

### Important Testimony will be Lost

Because Rule 27 abrogates the traditional discovery process, the petitioner must show that the testimony sought is essential or unique. See Penn Mutual, 68 F.3d at 1376. If the testimony may be obtained from other witnesses, or if the information sought is general in nature, Rule 27 relief is not available. See Checkosky, 68 F.3d at 8; United States v. Van Rossem, 180 F.R.D. 245, 247 (W.D.N.Y. 1998).

Biddulph does not allege that any of the respondents possesses unique information that is essential to his case. Instead, he seeks general testimony from Secretary Snow and Commissioner Everson concerning the "policies and procedures" they expect Internal Revenue Staff to follow when collecting taxes. (Am. Ver. Pet. ¶ 6.a-

b.) Petitioner may secure such testimony from any number of witnesses, as well as from publicly available documents. There is no basis for concluding that Secretary Snow and Commissioner Everson are the only individuals capable of providing the testimony Biddulph seeks. See Van Rossem, 180 F.R.D. at 247 (denying relief under Rule 27(b) where information could be obtained from numerous sources, including a public library).

Biddulph also fails to allege that Baxter and Urner possess unique knowledge of his case. As Appeals Officers, neither Baxter nor Urner would have been personally involved in the tax collection activities that Biddulph disputes. Rather, to the extent they have any knowledge of Biddulph's facts, they likely obtained that knowledge secondhand in the context of an administrative appeal. There is no basis to conclude that Biddulph could not obtain the testimony he seeks from other witnesses, with personal knowledge, in the context of a proper civil action. See Checkosky, 142 F.R.D. 8 (availability of other witnesses with firsthand knowledge of material events eliminated need for pre-litigation depositions).

### Biddulph Improperly Seeks Discovery

Biddulph's failure to plead the elements of a Rule 27 claim exposes this case for what it really is: an improper attempt to obtain discovery. Instead of seeking to preserve key testimony that might be lost, Biddulph seeks discovery to help him frame his complaint against the United States. His objective is to secure evidence that the Internal Revenue Service engaged in tax collection activities against him even though

"there has been no lawful tax assessment upon which the collection activities could lie." (Am. Ver. Pet. ¶ 4.) To this end, his amended petition seeks leave to propound interrogatories and requests for production (id. at 6) – discovery that is outside the scope of Rule 27. Because Biddulph attempts to misuse Rule 27, his amended petition should be dismissed. See In re Kunimoto, Civ. A. No. 96MS232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (dismissing petition that improperly sought discovery); Van Rossem, 180 F.R.D. at 247 (rejecting motion under Rule 27(b) that sought interrogatories and requests for production).

### III.  Biddulph's Failure to Serve the Petition Requires Dismissal.

Rule 27 requires the petitioner to serve each "expected adverse party" with a copy of the petition and a notice of hearing in accordance with Fed. R. Civ. P. 4. See Fed. R. Civ. P. 27(a)(2). The service requirements set forth in Rules 4 and 27 are not meaningless hoops through which the petitioner must jump, but important mechanisms that ensure the government and its officers receive fair notice of the claims against them and a full opportunity to respond. See Light v. Wolf, 816 F.2d 746, 750 (D.C. Cir. 1987) (observing that service requirements relieve a substantial burden on the government and its officers while only minimally burdening the plaintiff). Failure to complete service in accordance with the rules warrants dismissal. Light, 816 F.2d at 750-51.

Although this proceeding has been pending for nearly three months, Biddulph has not served either of his petitions (or the required notice of hearing) on the individual respondents or the United States. Although he mailed an incomplete copy of

the amended petition to counsel, that mailing does not satisfy his service obligations. Tax Division counsel is not an approved recipient of service; nor is regular mail an acceptable method of service. See Fed. R. Civ. P. 27(a)(2); Fed. R. Civ. P. 4(i).[4]

Biddulph's failure to serve his petitions is not a mere procedural peccadillo. His inaction forced the Court and the United States to waste time and effort determining if there is a case pending and identifying who would be handling the defense. The service rules are designed to prevent these burdens. Cf. Light, 816 F.2d at 750 (noting the size of the government bureaucracy and the volume of the Department of Justice's case load). And, despite its efforts, the United States still does not have a copy of the petition, or a complete copy of the amended petition. The absence of such documents, particularly the attachments that reflect the tax collection actions that Biddulph ultimately intends to challenge, has impaired the United States' ability to evaluate the merits of Biddulph's claims. The amended petition should be dismissed for lack of service. See Light, 816 F.2d at 750-51.

---

[4]Even if he mailed his petition to the appropriate parties, it is questionable that such a mailing would constitute proper service. Rule 4 allows service of the initial pleading to be "effected by any person who is not a party and who is at least 18 years of age." Fed. R. Civ. P. 4(c)(2). Service by a party to the litigation is improper. See Burton v. United States, Civ. A. No. 05-2121, 2006 WL 2465392, at *1 (D.D.C. Aug. 24, 2006); MacLafferty v. United States, Civ. A. No. 06–279, 2006 WL 2465391, at *1 (D.D.C. Aug. 24, 2006). Because Biddulph is the petitioner in this proceeding, Rule 4 arguably bars him from personally accomplishing service.

## CONCLUSION

The United States respectfully requests that the Court dismiss the amended petition for lack of subject matter jurisdiction. Alternatively, the amended petition should be dismissed for failure to state a claim upon which relief can be granted and for lack of service.

Date: October 3, 2006

                              Respectfully submitted,

                              /s/ John J. LoCurto
                              JOHN J. LOCURTO
                              Trial Attorney, Tax Division
                              U.S. Department of Justice
                              Post Office Box 227
                              Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 307-2793
                              Facsimile:  (202) 514-6866
                              john.j.locurto@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney