**Respond to:**
Robert Biddulph
4011 219th St. E.
Spanaway
Washington
(no phone)

RECEIVED

NOV 0 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## For the District of Columbia

| | |
|---|---|
| **Robert Biddulph**<br>PETITIONER<br><br>v.<br><br>**United States**, et al,<br>RESPONDENT(S) | MISC. NO.<br><br>**06-mc-00374RWR**<br><br>**PETITIONER'S VERIFIED RESPONSE TO UNITED STATES' MOTION TO DISMISS …**<br>**And,**<br>**SUPPLEMENTAL STATEMENT(S) IN SUPPORT OF GROUNDS**<br><br>(SERVICE) |

## VERIFICATION

Pierce county            )
                         )   DECLARATION
Washington republic      )

Declarant, Robert Biddulph, states that s/he is competent to be a witness and that the facts presented in the instrument to which this Declaration is affixed are true and correct to the best of Declarant's first hand knowledge and belief.

*/s/ Robert R Biddulph*
_____
Robert Biddulph

**PLEASE NOTE: Petitioner has re-served United States' counsel with a complete package of the materials filed with the court correcting the earlier clerical mistake of leaving the attachments/exhibits out of the process served. The complete process package was mailed on or about September 21, 2006.**

## ISSUES:

Respondents' counsel asserts that Petitioner must meet the following five (5) elements to establish a foundation for the Rule 27 action:

1. demonstrate that he expects to bring an action cognizable in the federal courts but is not currently able to do so;

2. explain the subject matter of the expected action;

3. describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate the testimony;

4. identify the adverse parties in the expected action and the parties to be deposed;

5. serve the petition in accordance with applicable rules.

## ADDRESSING THE ISSUES:

**ISSUE # 1.** demonstrate that he expects to bring an action cognizable in the federal courts but is not currently able to do so;

**RELEVANT LANGUAGE OF RULE:**

> *Rule 27. Depositions Before Action or Pending Appeal*
> *(a) BEFORE ACTION.*
> *(1) Petition. A person who desires to perpetuate testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, ...*

PETITIONER established by testimony at PETITION ¶ 1 that Petitioner expects to be a party to an action cognizable by a court of the United States.

**SUPPLEMENTAL TESTIMONY: Petitioner is currently unable to bring the action since the Respondents have proceeded to, and continue collection activities without administratively producing the requisite and underlying administrative process upon which the collection actions could lawfully lie. Petitioner is unable to determine, until after this discovery, whether the specific subject matter of Petitioner's expected action should be to compel exhaustion of administrative remedies prior to further collection activities, to declare that the requisite underlying administrative records do not exist making the collection activities unlawful and subject to prohibition, or whether the underlying administrative records do exist and Respondents merely failed to comply with due**

**process requirement which may result in damages or takings claims.**

**ISSUE # 2.**   explain the subject matter of the expected action.

**RELEVANT LANGUAGE OF RULE:**

*2. the subject matter of the expected action and the petitioner's interest therein,*

Petitioner's Petition, at ¶ 1-4 describe, subject to the qualifications referenced at Issue #1, above, the expected subject matter, and also the interest of Petitioner in obtaining a remedy to correct errors in the internal and public records published by the Commissioner, inclusive of persons acting in the commissioner's name and authority by agency or employment.

**SUPPLEMENTAL TESTIMONY: Petitioner is currently unable to determine which of the discussed potential subject matter issues is appropriate until completion of this discovery.**

**ISSUE # 3.**   describe the facts he intends to establish through the desired testimony and the reasons for needing to perpetuate the testimony

**RELEVANT LANGUAGE OF RULE:**

*3, the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it,*

Petitioner's petition at ¶ 3-4 establishes a fact basis for the petition

and the due process reasons for desiring it.

**SUPPLEMENTAL TESTIMONY: Petitioner expects to establish a) whether or not petitioner is a "taxpayer" or "non-taxpayer" as those terms are defined by statute and clearly established law and the underlying facts upon which that ultimate fact may lie; b) whether or not Respondents have ever executed a 23C assessment certificate upon which collection activity may lawfully occur and inclusive of fact establishing who is the holder of such instrument if such appears to exist; c) whether or not Respondent is engaged in any activity specifically identified by the internal revenue laws as subject to internal revenue statutes and within a venue where the internal revenue statutes are applicable and each underlying fact upon which the ultimate fact may lie; and, d) whether or not Respondents followed the due process and equal protection mandates of the federal constitution and inclusive of all implementing statutes and regulations promulgated thereunder, and each underlying fact upon which the ultimate fact may lie.**

**ISSUE # 4.**   identify the adverse parties in the expected action and parties to be deposed

**RELEVANT LANGUAGE OF RULE:**

*4, the names or a description of the persons the petitioner expects*

*will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each,*

Petitioner's Petition, at ¶ 5, identifies the parties and all currently available identifying information as is known or necessary to identify the parties to be deposed as is available to Petitioner at the time of presentment of the petition each of whom is expected to be a party to the action. Additional parties may be identified through the perpetuated testimony who may need to be deposed and/or may be respondents to the proposed action.

Petitioner's Petition, at ¶ 6, establishes the testimony each such responded is expected to provide, and is supplemented by the supplemental testimony in Issue # 3, above. Incorporated herein by this reference.

**ISSUE # 5.**   serve the petition in accordance with applicable rules

**RELEVANT LANGUAGE OF RULE:**

*(2) Notice and Service. At least 20 days before the hearing date, the petitioner must serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. The notice may be served either inside or outside the district or state in the manner provided in Rule 4.*

**SUPPLEMENTAL TESTIMONY: Petitioner observes the record does not yet provide a hearing date invoking the 20 day provision of the service rule; HOWEVER Petitioner has served the Petition, and inclusive of all attachments and exhibits on the government attorney who has made an appearance in this action.**

**SUPPLEMENTAL TESTIMONY:**

- ✓ **the perpetuation of testimony may prevent a failure of justice;**

- ✓ **Petitioner expects that, depending on the testimony obtained, that federal jurisdiction will be available in the subsequent action based upon the premis that federal internal revenue questions are cognizable in a court of the United States; and also are expected to arise as a consequence of one, or more, of the following statutes: 28 USC 2201/2202, Title 28 Chapter 158, 28 USC 1331, 28 USC 1340, 28 USC 1346, 28 USC 1361, 28 USC 1295/1296, and/or 28 USC 1367 and may include actions addressing due process and equal protection rights recognized as cognizable at 5 USC 552.**

FURTHER the courts recognize that the anti injunction act, and any other statute relating to "internal revenue" related remedy does not apply where the party is a "non-taxpayer":

> *"The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and not to nontaxpayers. The latter are without their scope. No procedure is prescribed for nontaxpayers, and no attempt is made to annul any of their rights and remedies in due course of law. With them [nontaxpayers] Congress does not assume to deal, and they are neither of the subject nor of the object of the revenue laws". Economy Plumbing and Heating Co. v. United States, 470 F. 2d 585 (1972)*
>
> *"Since the statutory definition of 'taxpayer' is exclusive, the federal courts do not have the power to create non-statutory taxpayers for the purpose of applying the provisions of the revenue acts.." C.I.R. v. Trustees of L. Inv. Ass'n., 100 F.2d 18*

As such, if the testimony perpetuated evidences that Petitioner is a NONTAXPAYER, or that there are no federal taxes assessed, the anti-injunction, and other remedy limiting statutes, and specifically those published in the IRC, will not apply. THIS IS ONE OF THE REASONS IT IS NECESSARY TO DETERMINE THESE QUESTIONS BEFORE INITIATING A SUIT FOR A REMEDY. <u>PETITIONER MUST DETERMINE, *BASED UPON UNDERLYING JURISDICTIONAL FACTS*, WHICH LAW IS APPLICABLE TO HIS/HER CLAIMS</u>.

## WHEREFORE:

Petitioner respectfully requests that the court deny Respondent's motion to dismiss and issue its ORDER authorizing the perpetuation of testimony by written questions as provided for at FRCP 31, Interrogatories as provided at FRCP 33, and requests for

production as provided at FRCP 34, through which Petitioner may determine the appropriate fact and law upon which Petitioner may bring an action upon which Petitioner may state a claim upon which relief may be granted.

Respectfully presented this 30th day of October 2006.

*(signature)*

_____
Robert Biddulph
Petitioner

## SERVICE:

__Pierce__ county        )
                         )   CERTIFICATE
__Washington__ state     )

Declarant states that Declarant placed a copy of the instrument to which this CERTIFICATE is affixed in the United States Mail addressed and certified as follows:

__John LoCurto, Trial Attorney__
__US Dept. of Justice__
__P.O. Box 227, Ben Franklin Sta.__
__Washington, DC. 20044__

Date Mailed: __10__ / __30__ / 2006
Server Signature: __Jeanne Stuby__
Print Server Name: __Jeanne Stockinger__