IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT BIDDULPH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES, et al., )<br>)<br>Respondents. ) | No. 1:06-MC-00374 (RWR)(DAR) |

**REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS
THE AMENDED VERIFIED PETITION FOR PERPETUATION OF TESTIMONY**

Fed. R. Civ. P. 27 provides a limited pre-litigation mechanism for perpetuating testimony that would be lost if not immediately preserved. Robert Biddulph is not entitled to rule 27 relief because he does not seek to preserve testimony; rather, he seeks discovery to determine whether he has claims against the United States. The Court should reject Biddulph's misuse of rule 27. Moreover, the United States has shown that the Court lacks jurisdiction over Biddulph's petition, that the petition fails to state a claim, and that Biddulph failed to serve the petition properly. Biddulph has not refuted these arguments and, therefore, his petition should be dismissed.

**Argument**

**I.    Biddulph improperly seeks discovery.**

Rule 27 is not a license to conduct pre-litigation discovery. In re Checkosky, 142 F.R.D. 4, 7 (D.D.C. 1992); In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978). The rule permits the court to extend the traditional discovery process if, and only if, the

petitioner shows that important testimony will be lost if not preserved.  <u>Penn Mutual Life Ins. Co. v. United States</u>, 68 F.3d 1371, 1373 (D.C. Cir. 1995).  "[T]he rule may not be used as a substitute for discovery to determine if a cause of action exists."  <u>In re Checkosky</u>, 142 F.R.D. at 7.

 Biddulph does not argue that testimony will be lost unless the Court grants relief.  Rather, he seeks leave to take discovery to lay the groundwork for future litigation against the United States.  He specifically requests depositions "by written questions as provided for at FRCP 31, Interrogatories as provided for at FRCP 33, and requests for production as provided as FRCP 34, through which Petitioner may determine the appropriate fact and law upon which Petitioner may bring an action . . ." (Pet'r's Resp. at 9.)  Biddulph contends that he needs discovery to determine what claims to file against the United States (<u>id.</u> at 3-4), to identify additional witnesses and potential defendants (<u>id.</u> at 6), and to determine whether jurisdiction exists over the suit he expects to file (<u>id.</u> at 8).

 The Court should reject Biddulph's improper attempt to turn rule 27 into a discovery device.  <u>See</u> <u>In re Checkosky</u>, 142 F.R.D. at 7.  Because Biddulph has not argued, much less established, that relief is necessary to prevent an imminent loss of testimony, his petition should be dismissed.  <u>See</u> <u>In re Kunimoto</u>, Civ. A. No. 96MS232, 1996 WL 622094, at *3 (D.D.C. Oct. 16, 1996) (dismissing petition that improperly sought discovery).

**II.    The Court lacks jurisdiction over the petition.**

Biddulph does not address the United States' argument that the Court lacks subject matter jurisdiction over the petition. Instead, he wrongly suggests that he needs discovery under rule 27 to determine whether jurisdiction exists over the action he intends to bring. (Pet'r's Resp. at 7-8.) Biddulph is not entitled to the jurisdictional discovery he seeks.

To secure rule 27 relief, a petitioner must first show that the action he expects to bring is "cognizable" in federal court. Fed. R. Civ. P. 27(a). This "cognizability" element requires the petitioner to demonstrate that the expected action is within the court's subject matter jurisdiction. 8 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2072 (2006). If jurisdiction would not exist over the expected action, then the petition must be dismissed for lack of jurisdiction. See In re MacCormack, No. 00-MC-203, 2000 WL 526313, at *1 (D. Kan. April 19, 2000).

Because Biddulph has not demonstrated that the Court would have jurisdiction over the action he intends to bring against the United States, his rule 27 petition must be dismissed. Id. Biddulph may not use rule 27 as a tool for discovering whether there is a jurisdictional basis for his anticipated suit. See Checkosky, 142 F.R.D. at 7.

Biddulph's citations to Economy Plumbing & Heating Co., Inc. v. United States, 470 F.2d 585 (Ct. Cl. 1972) and Commissioner of Internal Revenue v. Trustees of Lumber Inv. Ass'n, 100 F.2d 18 (7th Cir. 1938) are inapposite. Those cases do not involve rule 27

petitions, and neither suggests that a petitioner may use rule 27 as a basis for obtaining jurisdictional discovery.

**III.    The petition fails to state a claim under rule 27.**

Biddulph does not address the United States' argument that the petition fails to state a claim under rule 27:

**High government official doctrine** – Biddulph does not even mention the "high government official doctrine." That doctrine bars discovery of senior government officials and officers engaged in deliberative decisionmaking absent extraordinary circumstances. See United States v. Morgan, 313 U.S. 409, 422 (1941); Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985); Walker v. NCNB Nat'l Bank of Florida, 810 F. Supp. 11, 12 (D.D.C. 1993). The petition and Biddulph's opposition papers are devoid of allegations that could conceivably overcome the high government official doctrine and justify the intrusive discovery sought in this case.

**Inability to bring suit** – Biddulph has not demonstrated a present inability to bring suit. Fed. R. Civ. P. 27(a)(1). Although he contends that he needs discovery to identify his claims against the United States, it appears that the tax collection activities that Biddulph disputes have already occurred. (Am. Ver. Pet. ¶¶ 1-5, 6.c.) If Biddulph desires to challenge those tax collection activities, he may do so, provided he first satisfies that statutory and jurisdictional predicates for bringing suit. What he may not do is use his petition as a mechanism for obtaining pre-litigation discovery to support his prospective claims.

**Imminent risk that important testimony will be lost** – Biddulph has not established an imminent risk that important testimony will be lost. See Penn Mutual, 68 F.3d at 1375.  He does not cite to a single factor – such as witness age, infirmity or prospective unavailability – that even arguably warrants preservation of testimony. Nor does he allege that the witnesses he seeks to examine – former Secretary Snow, Commissioner Everson, and two Internal Revenue Service appeals officers – have unique testimony that cannot be obtained from other sources.  Id.

IV.     **Biddulph failed to serve the petition on any of the respondents.**

Although this case has been pending for nearly four months, Biddulph has not served a single respondent named in the petition.  Instead, on or about September 25, 2006, he mailed an incomplete copy of his petition to counsel for the United States. Biddulph suggests that his mailing satisfied applicable service requirements.  (Pet'r's Resp. at 2, 7.)  He is mistaken.

Fed. R. Civ. P. 4 establishes specific requirements for serving the United States and individual government respondents.  Under rule 4, Tax Division counsel is not an approved recipient of service; nor is regular mail an acceptable method of effectuating service.  See Fed. R. Civ. P. 4(i).  Biddulph's failure to complete service in accordance with rule 4 requires dismissal.  (United States' Mot. to Dismiss at 12-13.)

**Conclusion**

For all of the foregoing reasons, the Court should grant the United States' motion and dismiss the petition.

Date:  November 8, 2006

                                      Respectfully submitted,

                                      /s/ John J. LoCurto
                                      JOHN J. LOCURTO (D.C. Bar No. 481425)
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      P.O. Box 227, Ben Franklin Station
                                      Washington, D.C.  20044
                                      Telephone: (202) 307-2793
                                      Facsimile:  (202) 514-6866
                                      john.j.locurto@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney