UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT BIDDULPH,<br><br>   Petitioner,<br><br>     v.<br><br>UNITED STATES, et al.,<br><br>   Respondents. | Misc. No. 06-0374<br>    RWR/DAR |

### MEMORANDUM ORDER

Petitioner in this miscellaneous action moves, pursuant to Rule 27 of the Federal Rules of Civil Procedure, "for perpetuation of testimony" of the former Secretary of the Department of Treasury, the Commissioner of the Internal Revenue Service and two IRS appeals officers. Petitioner represents that he "expects to be a party to an action cognizable in a court of the United States . . . relating to the alleged improper filing of documents . . . and relating to various years collection activities[.]" Amended Verified Petition for Perpetuation of Testimony Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 27 ("Petition") (Docket No. 2), ¶ 1. Petitioner states that the four individuals whose testimony he wishes to take "are expected to be parties to a subsequent action based upon the testimony perpetuated by this action[.]" *Id.*, ¶ 5.

The United States moves to dismiss the petition on the grounds that (1) the action which Petitioner expects to file would not be cognizable in a court of the United States; (2) Petitioner has not stated a viable claim to perpetuate testimony; and (3) Petitioner has failed to satisfy the service requirements of Rules 4 and 27 of the Federal Rules of Civil Procedure. United States' Motion to Dismiss the Amended Verified Petition for Perpetuation of Testimony (Docket No. 4);

Biddulph v. United States, et al.                                                                                                              2

Brief in Support of the United States' Motion to Dismiss the Amended Verified Petition for Perpetuation of Testimony ("Brief") at 4-13.  Only the second ground of the United States' motion will be discussed herein.

**DISCUSSION**

Depositions prior to the commencement of a civil action are governed by Rule 27(a) of the Federal Rules of Civil Procedure.  The rule provides, in pertinent part, that a petitioner must show:

> 1[.]  that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought[;]
> 2[.]  the subject matter of the expected action and the petitioner's interest therein[;]
> 3[.]  the facts which the petitioner desires to establish by the proposed testimony and the reasons for desiring to perpetuate it[;]
> 4[.]  the names or a description of the persons the petitioner expects will be adverse parties and their addresses so far as known, and
> 5[.]  the names and addresses of the persons to be examined and the substance of the testimony which the petitioner expects to elicit from each[.]

Fed. R. Civ. P. 27(a)(1).

"Once these prerequisites are established, the Court may issue an order permitting the deposition '[i]f the court is satisfied that the perpetuation of testimony may prevent a failure or delay of justice.'" *Kunimoto v. Lehman,* No. 96MS232, 1996 WL 622094, at *2 (D.D.C. Oct. 16, 1996) (quoting Fed. R. Civ. P. 27(a)(3)); *see also Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374-75 (D.C. Cir. 1995).  "To satisfy the court that the testimony is needed to protect against a failure or delay of justice, the great weight of authority requires the petitioner to

Biddulph v. United States, et al. 3

show that there is a risk of loss of the desired testimony." *Id.* (citations omitted).[1]

Even assuming, *arguendo,* that Petitioner in the instant miscellaneous action has satisfied the five-part showing required by Rule 27(a)(1), his "fail[ure] to allege any fact regarding the potential that evidence will be lost without the requested depositions[]" precludes the relief which he seeks. *See Kunimoto,* 1996 WL 622094, at *3. The only representation in the petition which could broadly be construed as a reference to the need for the depositions in advance of the anticipated litigation is that the four individuals whom Petitioner seeks to depose "are expected to be parties to a subsequent action based upon the testimony perpetrated by this action[.]" Petition, ¶5. However, Petitioner does not allege, nor has he made any representation which would permit the court to find, that the four individuals will be unavailable after the complaint is filed.

Even the opposition to the United States' Motion to Dismiss is silent with respect to any "risk of loss of the desired testimony[]"; instead, Petitioner submits that he

> is unable to determine, until after this discovery, whether the specific subject matter of Petitioner's expected action should be to compel exhaustion of administrative remedies prior to further collection activities, to declare that the requisite underlying administrative records do not exist making the collection activities unlawful and subject to prohibition, or whether the underlying administrative records do exist and Respondents merely failed to comply with due process requirement which may result in damages or takings claims.

Petitioner's Verified Response to United States' Motion to Dismiss and Supplemental Statement(s) in Support of Grounds (Docket No. 6) at 3-4.

---

[1] This court has observed that "[t]he common situation in which a Rule 27 deposition is appropriate is where there is a risk that a witness will be unavailable at the time of trial, either because of age or infirmity." *Kunimoto*, 1996 WL 622094, at *3 (citation omitted).

Biddulph v. United States, et al.                                                                                                    4

The undersigned finds that Petitioner has failed "[to] show that there is a particularized reason why the deposition[s] [are] needed to prevent against loss." *See Kunimoto,* 1996 WL 622094, at * 2.[2] Instead, Petitioner predicates his request upon his interest in assessing the viability of various causes of action in advance of filing a complaint. However, no authority authorizes the use of Rule 27 for such purpose. *See In re MacCormack*, No. 00-MC-203-KHV, 2000 WL 526313, at 81 (D. Kan. April 19, 2000) ("Rule 27 is not a substitute for general discovery; instead, it is intended only for the perpetuation of testimony or other evidence.").

**CONCLUSION**

For the foregoing reasons, the undersigned is unable to find "that the perpetuation of the testimony" of the four individuals against whom Petitioner intends to bring a civil action "may prevent a failure of delay of justice." *See* Fed. R. Civ. P. 27(a)(3). It is, therefore, this 22nd day of January, 2007,

**ORDERED** that the United States' Motion to Dismiss the Amended Verified Petition for Perpetuation of Testimony (Docket No. 4) is **GRANTED.**

January 22, 2007                                                                               /s/
                                                                                        DEBORAH A. ROBINSON
                                                                                        United States Magistrate Judge

---

[2] *See* n.1, *supra*.